UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRA HECHTLINGER,<br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC. and<br>CITIBANK, N.A.,<br>　　　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>12 CIV 3080 (JGK) |

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant National Enterprise Systems, Inc.' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and for Defendant Citibank, N.A.'s violations of the Electronic Fund Transfer Act, 15 USC § 1693 *et seq.*, as well as Citibank's breach of its contract with Plaintiff.

2. Specifically, this action relates to Defendant National Enterprise Systems, Inc.'s illegal and abusive attempts to collect a debt that Plaintiff does not owe, and Citibank, N.A.'s unauthorized deduction of funds from Plaintiff's account.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 15 U.S.C. § 1692k and by 15 U.S.C. § 1693m(g).

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 USC § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this District is proper because the Plaintiff lives here and Defendants transact business here, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

7. Plaintiff Ira Hechtlinger (hereinafter "Mr. Hechtlinger") is a natural person who has resided at all relevant times in New York, New York.

8. Mr. Hechtlinger is a consumer as defined by 15 U.S.C. § 1692a(3).

9. Defendant National Enterprise Systems, Inc. (hereinafter "NES") is an Ohio corporation with a principal place of business at 29125 Solon Road, Solon, Ohio 44139.

10. Defendant NES's principal purpose is the collection of debts, and it regularly attempts to collect debts alleged to be due another. Its own website states that "NES offers a full range of accounts receivable management services to credit grantors nation-wide. Licensed to conduct business in all 50 states, the District of Columbia, Guam, Puerto Rico and the Virgin Islands, NES is a recovery specialist firm that acts as a third party account representative on delinquent accounts and defaulted loans." [see www.nes1.com] NES is a debt collector as defined by 15 U.S.C. § 1692a(6).

11. Defendant Citibank, N.A. (hereinafter "Citibank") is a national bank with a principal place of business at 399 Park Avenue, New York, New York 10022.

## FACTS

12. Mr. Hechtlinger maintains a bank account with Citibank.

13. Mr. Hechtlinger is a 66 year old disabled individual whose sole source of income is Social Security Disability benefits, a fact known to Citibank, inasmuch as his benefits are directed deposited into his bank account.

14. Mr. Hechtlinger was badly injured when he was 17 years old. A wall collapsed, crushing his right foot, propelling him to the ground, and causing traumatic brain injury.

15. Since the time of that accident, Mr. Hechtlinger has suffered from debilitating grand

mal and petit mal seizures.

16. Mr. Hechtlinger has been under the care of various doctors to control his seizures. He is prescribed and regularly takes anti-convulsive medication to prevent seizures. He also has been prescribed medication to deal with the after-effects of his seizures.

17. Mr. Hechtlinger has been advised to avoid stress, as stress is known to trigger his seizures.

18. On or about August 19, 2011, Citibank took $1,502 from Mr. Hechtlinger's account in what was purported to be a pre-authorized debit to NES.

19. Mr. Hechtlinger had never authorized such a payment to NES.

20. Upon information and belief, this purported pre-authorized debit was sent to Citibank by NES.

21. The subtraction of $1502 from Mr. Hechtlinger's account reduced his balance to negative $414.94 and triggered Citibank's overdraft protection, which billed Mr. Hechtlinger a $10 transaction fee and allowed the full $1502 to be sent to NES, even though that amount exceeded the full amount on deposit in the account.

22. On or about September 20, 2011, once again Citibank took $1,502 from Mr. Hechtlinger's account in what was purported to be a pre-authorized debit.

23. Upon information and belief, this second purported pre-authorized debit was sent by Citibank to NES.

24. The second subtraction of $1502 from Mr. Hechtlinger's account reduced his balance to negative $946.52 and triggered Citibank's overdraft protection, which billed Mr. Hechtlinger another $10 transaction fee and allowed the full $1502 to be sent to NES, even though that amount exceeded the full amount on deposit in the account.

25. On or about the evening of September 20, 2011, Mr. Hechtlinger was grocery shopping. It had begun to rain, and he decided to take a taxi to his apartment. Having spent his available cash in grocery shopping, he tried to obtain cash from an automated teller machine associated with Citibank. The machine informed him that he could access no cash from his account.

26. Having been denied access to his funds, Mr. Hechtlinger was forced to walk home, through the rain, carrying his heavy bags of groceries.

27. Due to the stress caused by NES's unauthorized debits to his Citibank account and Citibank's unauthorized deductions from his account, Mr. Hechtlinger suffered at least two gran mal seizures.

28. The first of these gran mal seizures began on the night he discovered the unlawful debits.

29. The second gran mal seizure occurred approximately a week later, just before the funds were credited back to Mr. Hechtlinger's account.

30. Mr. Hechtlinger had not suffered a seizure in some weeks prior to the day he learned that he had no access to his funds.

31. Subsequent to the seizures which Mr. Hechtlinger suffered in September 2011, Mr. Hechtlinger did not have another seizure for some five months.

32. On or about September 21, 2011, Mr. Hechtlinger notified Citibank that the two transfers to NES were not authorized by him and requested that Citibank immediately restore the $3004 to his account.

33. Citibank declined to do so and urged Mr. Hechtlinger to take up the issue with NES.

34. Mr. Hechtlinger then contacted NES by telephone several times and had extended discussions with NES employees.

35. NES requested, and Mr. Hechtlinger provided, a great deal of documentation regarding

his financial affairs.

36. NES orally admitted to Mr. Hechtlinger that Defendants had made a mistake and had confused Mr. Hechtlinger's account with another person's account.

37. Nonetheless, NES (which had presumably received two installments of $1502 each from Mr. Hechtlinger's funds) failed to restore to Mr. Hechtlinger the $3004 it had seized from him.

38. Mr. Hechtlinger then went back to Citibank to inquire as to why his funds had not been restored.

39. Citibank stonewalled Mr. Hechtlinger, insisting that it lacked sufficient documentation from NES to justify restoration of the funds to his account.

40. Mr. Hechtlinger then called NES again, and NES insisted that it required yet more information before it could cause Mr. Hechtlinger's funds to be released.

41. Mr. Hechtlinger once again provided the requested information to NES.

42. By letter dated September 29, 2011, Citibank notified Mr. Hechtlinger that it had permanently stopped payment on the two NES debits, and the funds were restored.

43. For nine days, Plaintiff, a disabled man, was unable to obtain funds from Citibank. His sole source of income (Social Security Disability payments, direct-deposited into his Citibank account) was tied up in this account.

44. To date, however, Citibank has not returned the Overdraft Protection Transfer Fees it charged to Mr. Hechtlinger despite the fact that they were incurred through no fault of Mr. Hechtlinger, but rather due entirely due to the unauthorized and illegal conduct of Defendants detailed herein.

45. Mr. Hechtlinger did not and does not owe the underlying debt which NES was attempting to collect when it affected the two unauthorized debits to his Citibank account.

46.  Upon information and belief, NES and/or Citibank negligently and recklessly confused Mr. Hechtlinger with the person from whom NES was actually trying to collect an outstanding debt.

47.  Upon information and belief, NES acts as Citibank's own debt collector, with NES collecting credit card debts owed to Citibank by consumers.

48.  Upon information and belief, this ongoing cozy business relationship between NES and Citibank was in part responsible for Citibank's breach of its contractual duties to Mr. Hechtlinger, which occurred when Citibank allowed NES unfettered, unauthorized, and unlawful access to Mr. Hechtlinger's deposited funds.

49.  Upon information and belief, there was no outstanding judgment against Mr. Hechtlinger in any court, and Mr. Hechtlinger owed no debt which Defendants (or either of them) was entitled to collect.

## FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***
**(against NES only)**

50.  Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

51.  By undertaking the above referenced collection activities, Defendant NES violated 15 U.S.C. § 1692 *et seq.*

52.  Specifically and without limitation, Defendant NES violated:

    (a) 1692e, by falsely, deceptively and misleadingly representing, through its actions, that Mr. Hechtlinger owed a debt and that NES had the right to remove funds from Mr. Hechtlinger's Citibank account;

    (b) 1692e(2)(A), by falsely representing the character, amount or legal status of Mr. Hechtlinger's (in reality, non-existent) debt;

(c) 1692e(5), by taking action that cannot legally be taken;

(d) 1692f, by using unfair and unconscionable means to collect Mr. Hechtlinger's (non-existent) debt;

(e) 1692f(1) by attempting to and, in fact collecting monies not expressly authorized by any agreement with Mr. Hechtlinger or permitted by law; and

(f) 1692f(6), by taking nonjudicial action to effect dispossession and/or disablement of property where it had no right to such dispossession or disablement and where the property was exempt by law from such dispossession or disablement;

53. As a result of these violations of the FDCPA, Mr. Hechtlinger has suffered actual damages, including, without limitation:

   a. Pain and suffering associated with seizures, both petit and gran mal;
   b. post-seizure psychosis;
   c. seizure-related disorientation;
   d. stress and anxiety, including loss of sleep and loss of appetite;
   e. extreme inconvenience in having no access to his own money;
   f. banking fees; and

54. As a result of these violations, Mr. Hechtlinger is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Violation of the Electronic Fund Transfer Act, 15 USC § 1693 *et seq.* (against Citibank only)

55. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

56.     By refusing Plaintiff access to his funds with no valid reason or justification, Citibank violated the provisions of 15 U.S.C. § 1693h and particularly of 15 U.S.C. § 1693h(a)(1).

57.     By Citibank's continuing refusal to allow Plaintiff access to his funds, Citibank was in ongoing violation of 15 U.S.C. § 1693h for nine days.

58.     As a result of these violations of the Electronic Funds Transfer Act, , Mr. Hechtlinger has suffered actual damages, including, without limitation, those set forth in Paragraph 53, above.

59.     As a result of these violations, Mr. Hechtlinger is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

### THIRD CAUSE OF ACTION

#### Breach of Contract
#### (against Citibank only)

60.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

61.     On information and belief, Mr. Hechtlinger and Citibank entered into a contract and/or service agreement at the time of Mr. Hechtlinger's first deposit with Citibank whereby Citibank agreed to consult Mr. Hechtlinger to obtain his authorization prior to transferring funds out of his bank account; to refrain from affecting unauthorized transfers of funds from Mr. Hechtlinger's bank account; and to abide by all federal and state laws applicable to banks.

62.     Citibank breached its contractual duties to Mr. Hechtlinger when it affected the two unauthorized debits to Mr. Hechtlinger's account detailed above, each time reducing his balance below zero.

63.     Citibank further breached its contractual obligations to Mr. Hechtlinger in refusing to explore its customer's complaint but simply referring Mr. Hechtlinger to NES.

64.     As a result of Citibank's breach of contract, Mr. Hechtlinger has suffered actual damages,

including, without limitation, those listed at Paragraph 53, above.

65. As a result of Citibank's breach of contract, Mr. Hechtlinger is entitled to his actual damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant NES's conduct violated the FDCPA;

(b) Actual damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and 15 U.S.C. and § 1692m(f).

(e) Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: April 18 2012
White Plains, New York

Respectfully Submitted,

*Elizabeth Shollenberger*
Elizabeth Shollenberger
*Attorney for Plaintiff*
SCHLANGER & SCHLANGER, LLP
343 Manville Road
Pleasantville, NY 10570
Telephone: 914-946-1981, ext. 103
Facsimile: 914-946-2930
Email: eshollenberger@schlangerlegal.com